UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DANEAN KIMBERLY MACANDREW,<br><br>Defendant. | Criminal No. 21-cr-00730 (CKK) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE:
(1) GENERAL EVIDENCE OF THE EVENTS OF JANUARY 6TH;
(2) SOCIAL MEDIA STATEMENTS BY DEFENDANT AFTER JANUARY 6TH; AND
(3) SOCIAL MEDIA UNRELATED TO JANUARY 6TH**

Danean MacAndrew, through undersigned counsel, hereby moves in limine for an order excluding: (1) general evidence describing or depicting the events of January 6, 2021 ("January 6th"), including testimony, videos, photographs, and other depictions of the United States Capital building (the "Capital") or its surrounding areas that day; (2) social media statements by Ms. MacAndrew related to the events of January 6th, but made after January 6th; and (3) social media content by Ms. MacAndrew unrelated to January 6th, including social media related to her political opinions, religious beliefs, and thoughts about COVID-19.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

The events of January 6, 2021 ("January 6th") have received immense media coverage, political discourse, and legal scrutiny. The public and this Court are well aware of the actions of the crowd and the conduct of a countless number of individuals at the United States Capital (the "Capital") that day. Each January 6th defendant, however, faces charges arising from their unique presence and specific conduct at the Capital. While the activities of the larger crowd,

1

organized groups, and political leaders leading into and during that day undoubtedly form a backdrop to Ms. MacAndrew's conduct and her charges, proving the scope and gravity of these events at trial is unnecessary to establishing her individual culpability.  Instead, this information is highly prejudicial and risks Ms. MacAndrew being found guilty based on the inflammatory nature of the various incidents at the Capital on January 6th.

Similarly, the role social media played in January 6th has been widely publicized.  The social media activity of every January 6th defendant has been scrutinized by the government, media, and political figures.  Arguably, social media activity or content created by Ms. MacAndrew leading into and during the events at the Capital can be relevant to Ms. MacAndrew's charges, particularly her knowledge and intent going into the Capital.  But, social media statements regarding the events of January 6th made after January 6th provide little insight into her culpability beyond affirming that she was indeed at the Capital (which she has not denied).  Additionally, social media content unrelated to January 6th, such as her political opinions, religious beliefs, and beliefs about COVID-19, would serve no purpose other than to inflame opinion against Ms. MacAndrew.

For the reasons discussed below, Ms. MacAndrew moves this Court to exclude: (1) general evidence describing or depicting the events of January 6th; (2) social media statements by Ms. MacAndrew related to the events of January 6th, but made after January 6th; and (3) any other social media posted by Ms. MacAndrew, including social media related to her political opinions, religious beliefs, and thoughts about COVID-19.

///

///

II. **THE COURT SHOULD EXCLUDE GENERAL EVIDENCE OF THE EVENTS OF JANUARY 6TH**

Ms. MacAndrew has been charged in a four-count information alleging misdemeanors related to her presence at the Capital. She has not contested her presence at the Capital and already admitted to law enforcement that she was at the Capital. Complaint, ECF 3-3. During an interview with FBI agents, she also admitted that: (1) "she went to Washington, D.C. to hear former President Trump speak on January 6, 2021;" (2) "she marched to the Capital after the speech;" (3) "she thought it was okay to go inside the building," and (4) "she walked around inside the Capital building for a few minutes and then exited." *Id.* Her statements, when combined with camera footage from inside the Capital, evidence related specifically to her path to and through the Capital, and images and videos seized from her phone, will convey the relevant details about her conduct at the Capital. General evidence about January 6th beyond what is necessary to establish her conduct should be excluded under FRE 401, 402, and 403.

A. **Under FRE 401 and 401, the Court Should Exclude General Evidence of the Events of January 6, 2021**

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Under Rule 402, only relevant evidence is admissible. Fed. R. Evid. 402." *United States v. Fitzsimons*, No. 21-CR-158, 2022 WL 1658846, at *2 (D.D.C. May 24, 2022) (internal quotations omitted). "[T]he burden is on the introducing party to establish relevancy," *Dowling v. United States*, 493 U.S. 342, 351 n.3(1990), as well as admissibility under other evidentiary rules. *United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 147 (D.D.C. 2020).

3

The Court and the public are well aware of the events that occurred at the Capital. Ms. MacAndrew's charges, however, relate to her individual conduct and allegations about what she specifically did and did not do. To prove the violations at issue in this case, the government needs to present evidence specific to Ms. MacAndrew's movements, knowledge, intent, and actual behavior at the Capital. Details about the conduct of the crowd, organized groups, political leaders or individuals other than Ms. MacAndrew are not relevant to her culpability. Introduction of this evidence serves no purpose and should be excluded as irrelevant.

### B. Under FRE 403, the Court Should Exclude General Evidence of the Events of January 6, 2021

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Rule 403 also renders relevant evidence inadmissible upon a showing that it presents a risk of "unfair prejudice,"—prejudice that is "compelling or unique," *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995) (quoting *United States v. Washington*, 969 F.2d 1073, 1081 (D.C. Cir. 1992)), or has "an undue tendency to suggest decision on an improper basis," *United States v. Ring*, 706 F.3d 460, 472 (D.C. Cir. 2013) (quoting Fed. R. Evid. 403 advisory committee's note to 1972 proposed rules); *see also United States v. Oseguera Gonzalez*, 507 F. Supp. 3d 137, 146–47 (D.D.C. 2020).

General evidence of the events of January 6th should be excluded under FRE 403. First, to the extent general evidence about January 6th is relevant, details about the conduct of the crowd and others at trial unfairly prejudices Ms. MacAndrew. While evidence of any events immediate to Ms. MacAndrew and within her line of sight may have some weight on her

culpability, incidents that occurred prior to or after her arrival or in different locations of the Capital carry nearly no probative value but are extremely prejudicial. Many of the events of that day include violence and are inflammatory. Presentation about those events at trial just before or after evidence of Ms. MacAndrew's conduct risks judgment of Ms. MacAndrew on the conduct of others, rather than only on her own conduct.

Second, general evidence about the events of January 6th, if relevant, has minimal probative value but would cause undue delay, waste time, and be needlessly cumulative. Considering the Court's familiarity with the events of January 6th and the conduct of many that day, presentation of general evidence of those events is unnecessary. The Court, and even the public, needs no education about January 6th at this point in time. Rehashing the details of January 6th unnecessarily prolongs the trial.

For these reasons, general evidence regarding the events of January 6th should be excluded. Presentation of this evidence only goes to the scope and gravity of what happened that day, but not to the Ms. MacAndrew's specific conduct. To the extent the backdrop of the events of that day relate to Ms. MacAndrew, the probative value is far outweighed by the concerns of FRE 403.

### III. THE COURT SHOULD EXCLUDE SOCIAL MEDIA CONTENT CREATED BY MS. MACANDREW AFTER JANUARY 6TH

#### A. Social Media Statements by Ms. MacAndrew Related to January 6th but Posted After January 6th Should Be Excluded under FRE 403

The government will likely establish Ms. MacAndrew's presence in the area of and inside the Capital through video footage and photographs, as well as through her own interview statements to FBI. This evidence is more than sufficient to establish Ms. MacAndrew's specific

conduct. Additionally, in this motion, the defense does not argue for limitation of use of video footage or pictures taken by Ms. MacAndrew at the Capital. However, any statements made by Ms. MacAndrew via social media after January 6th should be excluded as their only value would be to establish that Ms. MacAndrew was at the Capital and went inside the building.[1] Those facts are already captured in video footage, pictures, and also her own statements to officers. Her social media statements would be needlessly cumulative, waste time, and cause undue delay. They should be excluded under FRE 403.

### B. Social Media Content by Ms. MacAndrew Unrelated to January 6th Should Be Excluded under FRE 401, 402, and 403

The government may seek to introduce social media content created or posted by Ms. MacAndrew, but unrelated to January 6th. For example, there may be social media content posted by Ms. MacAndrew that express her political opinions, religious beliefs, or opinions about COVID-19. These should be excluded from trial.

First, social media unrelated to January 6th should be excluded under FRE 401 and 402 as irrelevant. What political figures or policies Ms. MacAndrew supports, her religion, and her opinions about the pandemic has no tendency to establish her guilt in this case. Second, given the charged political atmosphere around January 6th and related to issues of the pandemic, social media content regarding these issues are likely inflammatory and prejudicial to Ms. MacAndrew. Accordingly, this evidence should be excluded.

///

///

---

[1] Ms. MacAndrew's social media related to January 6th are detailed in the Complaint. Complaint, ECF 3. In them, she makes statements indicating that she was at the Capital on 1/6 and her belief that officers let her and others into the Capital building. She makes the same statements to FBI agents when she is interviewed, as stated in the Complaint. *Id*. at 3-3.

## IV. CONCLUSION

For the reasons discussed above, the Court should exclude: (1) general evidence describing or depicting the events of January 6th; (2) social media statements by Ms. MacAndrew related to the events of January 6th but made after January 6th; and (3) social media content by Ms. MacAndrew unrelated to January 6th, including social media related to her political opinions, religious beliefs, and thoughts about COVID-19.

Respectfully submitted,

DATED: November 30, 2022

/s/ *Lillian Chu*

LILLIAN CHU
Deputy Federal Public Defender
(Cal. Bar No. 279095)
(E-Mail: Lillian_Chu @fd.org)
Office of the Federal Public Defender, C.D. Cal
411 West Fourth Street, Suite 7110
Santa Ana, CA 92701
Telephone: (714) 338-4500
Facsimile: (213) 894-0081