UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANEAN MACANDREW,<br>Defendant | Criminal Action No. 21-730 (CKK) |

MEMORANDUM OPINION
(December 27, 2022)

This criminal case is one of nearly one thousand arising from the insurrection at the United States Capitol on January 6, 2021.  For her actions at the Capitol on January 6, Defendant Danean Macandrew is charged by information with four misdemeanors.  Before the Court is Defendant's [31] Motion to Dismiss the Information for Multiplicity, or to Compel the Government to Elect Among Multiplicitous [sic] Counts.  Defendant argues that each of these charges are multiplicative, i.e., that to be convicted of more than one of them would violate the Double Jeopardy Clause.  Because each count is sufficiently distinct from the other, Defendant's challenge fails.

Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(ii), a Defendant may, before trial, move to dismiss a charging instrument in whole or in part based on the instrument "charging the same offense in more than one count (multiplicity)."  Any such effort faces a particularly high bar.  "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  As another court of this jurisdiction has concluded, there is no such problem here.  *United States v. Ballenger*, Crim. A. No. 21-719

1

(JEB), 2022 WL 14807767, at *2 (D.D.C. Oct. 26, 2022).

To illustrate how each charge contains elements distinct from the others, consider the following chart of the offenses charged in the Superseding Information:

| Counts | Proscribed Conduct | Mental State Required | Additional Facts Required |
|---|---|---|---|
| 1. 18 U.S.C. § 1752(a)(1) | Entering or remaining without lawful authority | Knowingly | To do so in a "restricted building" or area, i.e., an area that is "posted, cordoned off, or otherwise restricted" and is (1) the White House grounds or buildings or Vice President's residence or grounds; (2) an area where a person protected by the Secret Service is or will be temporarily visiting; or (3) an area restricted in conjunction with an event designated as a special event of national significance[1] |
| 2. 18 U.S.C. § 1752(a)(2) | Engaging in disorderly or disruptive conduct | Knowingly, and with the specific intent to impede or disrupt Government business | To do so in or near a restricted building or area The conduct in fact impedes or disrupts Government business |
| 3. 40 U.S.C. § 5104(e)(2)(D) | Uttering loud, threatening, or abusive language, or engaging in disorderly or disruptive conduct | Willfully, knowingly, and with the specific intent to impede, disrupt, or disturb Congressional proceedings | To do so in any Capitol building or on Capitol grounds |
| 4. 40 U.S.C. § 5104(e)(2)(G) | Parading, demonstrating or picketing | Willfully and knowingly | To do so in any Capitol building. |

The differences between these charges are myriad, but the Court will note a few. Only

---

[1] 18 U.S.C. § 1752(c)(1).

2

Count 4 criminalizes parading, demonstrating, or picketing, so it is distinct from the rest. *Accord Ballenger*, 2022 WL 14807767, at *2. Counts 3 and 4 are distinct from Counts 1 and 2 because they require a showing of willfulness. Counts 3 and 4 also differ from Counts 1 and 2 because the latter criminalize conduct in a Capitol building or area no matter whether it is also a "restricted area" when the prohibited conduct occurred. Count 2 is distinct from Count 1 because it requires a showing of specific intent where Count 1 does not, and because Count 2 criminalizes different conduct from Count 1. *Accord id.* As such, no one count in the Superseding Information is multiplicative of the other.

      Therefore, the Court shall **DENY** Defendant's [31] Motion to Dismiss the Information for Multiplicity, or to Compel the Government to Elect Among Multiplicitous [sic] Counts. A separate order accompanies this Memorandum Opinion.


Dated: December 27, 2022                                    /s/
                                                       COLLEEN KOLLAR-KOTELLY
                                                       United States District Judge