# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DANEAN MACANDREW,<br>    Defendant | Criminal Action No. 21-730 (CKK) |

### MEMORANDUM OPINION AND ORDER
(December 27, 2022)

This criminal matter is set for a bench trial on January 10, 2023. For her actions at the insurrection of January 6, 2021, Defendant Danean MacAndrew is charged by information with four misdemeanors. Defendant has moved in limine to preclude: (1) all "general" evidence regarding the events of January 6, 2021; (2) any social media content that she posted after January 6, 2021; and (3) any social media content "unrelated" to January 6, 2021 including, but not limited to, those in which she expresses her political or religious beliefs or opinions regarding COVID-19. Defendant's first two evidentiary objections fail. Because the Government has represented that it will not introduce any posts in this third category, Defendant's final evidentiary objection is presently moot.

Upon consideration of the briefing,[1] the relevant legal authorities, and the entire record,

---

[1] The Court's consideration has focused on:
- The Government's Statemet [sic] of Facts in support of its Criminal Complaint, ECF No. 1-1;
- Defendant's Motion in Limine to Exclude (1) General Evidence of the Events of January 6th; (2) Social Media Statements by Defendant After January 6th; and (3) Social Media Unrelated to January 6th, ECF No. 35 ("Motion" or "Mot."); and
- The Government's Response to Defendant's Motions in Limine to Preclude Evidence, ECF No. 39 ("Opp.").

Defendant did not file a reply in support of her Motion.
In an exercise of its discretion, the Court has concluded that oral argument would not be helpful in the resolution of the Motion.

1

the Court shall **DENY IN PART AND DENY WITHOUT PREJUDICE IN PART** Defendant's [35] Motion in Limine to Exclude (1) General Evidence of the Events of January 6th; (2) Social Media Statements by Defendant After January 6th; and (3) Social Media Unrelated to January 6th. The Court shall admit general evidence and social media statements by Defendant made after January 6, 2021. Because the Government has assured the Court that it will not introduce social media statements related to Defendant's "political opinions, religious beliefs, or opinions about COVID-19," Defendant's third evidentiary objection is denied without prejudice. Should the Government seek to admit such exhibits during trial, Defendant may renew this objection at that time.

## I. BACKGROUND

Defendant is charged by information with: (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation 18 U.S.C. § 1752(a)(2); (3) Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Before continuing to the merits of Defendant's evidentiary arguments, the Court pauses to address this matter's factual background.

### A. Certification of the 2020 Presidential Election and Capitol Riot

The Twelfth Amendment of the United States Constitution provides that, after the members of the Electoral College "meet in their respective states and vote by ballot for President and Vice-President," they "shall sign and certify [their votes], and transmit [them] sealed to the seat of government of the United States, directed to the President of the Senate." U.S. Const. amend. XII. The Vice President of the United States, as President of the Senate, must then, "in the presence of

the Senate and House of Representatives, open all the certificates[,], and the votes shall then be counted." *Id.* To count the votes and "declar[e] the result" of the Electoral College, federal law mandates that "Congress shall be in session on the sixth day of January succeeding every meeting of the electors" and that "[t]he Senate and House of Representatives shall meet in the Hall of the House at the hour of 1 o'clock in the afternoon on that day." 3 U.S.C. §§ 15-16.

As the Stateme[n]t of Facts, explains, pursuant to the Constitution and federal law, Congress convened in a joint session at 1:00 PM on January 6, 2021, to count the votes of the Electoral College and certify the results of the 2020 Presidential Election, which had taken place on November 3, 2020. *See* ECF No. 1-1 at 1. With then-Vice President Michael R. Pence presiding, proceedings began and continued until 1:30 PM, when the United States House of Representatives and the United States Senate adjourned to separate chambers within the Capitol to debate and consider an objection to the Electoral College vote from the State of Arizona. *Id.* Vice President Pence continued to preside in the Senate chamber. *Id.*

Shortly before noon, then-President Donald J. Trump took the stage at a rally of his supporters staged just south of the White House. *Trump v. Thompson*, 20 F.4th 10, 17 (D.C. Cir. 2021). Then-President Trump declared that the election was "rigged" and "stolen" and urged the crowd to "demand that Congress do the right thing and only count the electors who have been lawfully slated." *Id.* at 18 (cleaned up). During and after then-President Trump's speech, a mass of attendees marched on the Capitol. *See id.*

As they gathered outside the Capitol, the crowd faced temporary and permanent barricades and Capitol Police positioned to prevent unauthorized entry to the Capitol. ECF 1-1 at 1. Shortly after 2:00 p.m., "crowd members forced entry into the Capitol building, including by breaking windows and assaulting Capitol Police officers, while others in the crowd encouraged and assisted

3

those acts." *Id*. These violent acts caused members of the Senate and House of Representatives to evacuate the chambers of the Capitol and suspend the certification process of the presidential election results. *Id*. The violent riot "desecrated [the Capitol], blood was shed, and several individuals lost their lives." *Thompson*, 20 F.4th at 19. All told, "[t]he events of January 6, 2021 marked the most significant assault on the Capitol since the War of 1812." *Id*. at 18-19 (footnote omitted).

### B. Defendant's Alleged Participation

Defendant is one of nearly a thousand individuals charged with federal crimes for their conduct on January 6th. According to the Statemet [sic] of Facts in support of its Criminal Complaint, ECF No. 1-1,[2] Defendant traveled to the District of Columbia to attend then-President Trump's "Save America" rally. *Id.* at 2. At some point, Defendant made her way to the Capitol, entering the building itself. *See id.* Defendant documented her time in and around the Capitol on social media, remarking "I was at the Capitol 1/6. I took this video. Capitol Police opened the doors, welcomed us in, and stood aside as we wandered the hallways. Is this what an insurrection looks like?" *Id.* at 3. On February 22, 2021, Defendant posted a photo of a rioter wearing a gas mask, arguing that "we [the mob] were infiltrated. This is not MAGA." *Id.* In a subsequent interview with the Federal Bureau of Investigation, Defendant admitted that she entered the Capitol, that "she believed she entered the [Capitol] building near where Capitol police officers were lined up outside," but nevertheless believed it was lawful for her to enter the Capitol. *Id.* at 7.

---

[2] "It is appropriate if not necessary to rely on other official documents for the specific factual allegations underlying the [] [information], as the [information] itself contains few, if any, details about [Defendant's] alleged conduct." *See United States v. McHugh*, 583 F Supp. 3d 1, 9 n.2 (D.D.C. 2022) (JDB); *accord United States v. Mostofsky*, 579 F. Supp. 3d 9, 13 (D.D.C. 2021) (JEB).

## II.  DISCUSSION

### A. "General" Evidence Regarding January 6, 2021

Defendant first moves to exclude what she terms "general" evidence regarding the events of January 6, 2021, relying exclusively on Federal Rule of Evidence 401. Mot. at 3-4. In her briefing, Defendant defines "general evidence" as "[d]etails about the conduct of the crowd, organized groups, political leaders or individuals other than Ms. MacAndrew." *Id.* at 4. As Defendant acknowledges, the bar for relevance is low. *See United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993). "Evidence is relevant if [] it has any tendency to make a factor more or less probable than it would be without evidence[] and [] the fact is of consequence in determining the action." Fed. R. Evid. 401.

As this Court has found in two cases, the size of the crowd, political leaders, and false allegations of voter fraud and election interference all go to intent, motive, and preparation. *See United States v. Rivera*, --- F. Supp. 3d ---, 2022 WL 21837851, at *5-6 (D.D.C. June 17, 2022); *United States v. Grider*, --- F. Supp. 3d ---, 2022 WL 17889149, at *10-11 (D.D.C. Dec. 21, 2022). For example, the Government must identify a cause for which Defendant demonstrated, *Rivera*, 2022 WL 1789149, at *7, and must show that Defendant specifically intended to impede or disrupt Congressional proceedings, *Grider*, 2022 WL 17829149, at *12. Statements by political leaders and the conduct and statements made by the mob surrounding Defendant both bear on Defendant's mental state at the time of the charged offenses. *See id.* at *11-12.

Although it is not generally the Court's role to provide arguments on behalf the parties, the Court pauses to note that the introduction of the conduct of others in this case is neither prejudicial nor surprising. As the Court discussed in *Grider*, although the Government has not charged conspiracy in most January 6th cases, the collective nature of the mob likens these cases

5

to those involving criminal conspiracies where individuals work in concert to achieve a collective goal—here, the disruption of Congressional proceedings. *See* 2022 WL 17829149, at *10-12. For such offenses, "the [G]overnment is usually allowed considerable leeway in offering evidence of other offenses to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed." *See United States v. Mathis*, 216 F.3d 18, 26 (D.C. Cir. 2000). Indeed, prejudice only arises in these circumstances where there is a substantial risk that the factfinder will convict a defendant based on character evidence. *See United States v. McGill*, 815 F.3d 846, 887 (D.C. Cir. 2016). This "general" evidence is a far cry from *Defendant's* prior "bad acts" that implicate any risk of prejudice. Even if it did, Rule 403 "'has a highly limited application, if any at all'" in a bench trial. *See United States v. Fitzsimons*, --- F. Supp. 3d ---, 2022 WL 1658846, at *5 n.6 (D.D.C. May 24, 2022) (RC) (quoting *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo S.A.*, Civ. A. No. 11-1623 (RC), 2015 WL 13680822, at *1 (D.D.C. June 15, 2022)). As such, Defendant's objection to "general evidence" fails.

### B. Social Media Statements

Relying on Rule 403, Defendant next moves to exclude any social media statements made after January 6, 2021. Defendant argues that such statements "should be excluded as their only value would be to establish that Ms. MacAndrew was at the Capital [sic] and went inside the building." Mot. at 6. Not so. Of the posts contained in the Stateme[n]t of Facts, these posts go to why Defendant entered the building, what she knew when she entered the building, and what she saw before, during, and after she entered the building. Again, as this is a bench trial, the Court disagrees that reviewing such statements would be cumulative, a waste of time, or

cause undue delay.  As such, Defendant's second evidentiary objection fails as well.

*   *   *

Accordingly, and for the foregoing reasons, it is hereby

**ORDERED**, that Defendant's [35] Motion in Limine to Exclude (1) General Evidence of the Events of January 6th; (2) Social Media Statements by Defendant After January 6th; and (3) Social Media Unrelated to January 6th is **DENIED IN PART AND DENIED WITHOUT PREJUDICE IN PART**.  The Court shall admit general evidence and social media statements by Defendant made after January 6, 2021.  Because the Government has assured the Court that it will not introduce social media statements related to Defendant's "political opinions, religious beliefs, or opinions about COVID-19," Defendant's third evidentiary objection is denied without prejudice.  Should the Government seek to admit such exhibits during trial, Defendant may renew this objection at that time.

**SO ORDERED**.

Dated: December 27, 2022                        /s/
                                                COLLEEN KOLLAR-KOTELLY
                                                United States District Judge